IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  22-CR-0361-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JALIN BISHOP,

    Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 180 DAYS 180 DAYS FROM THE SPEEDY TRIAL ACT COMPUTATIONS
AND FOR AN ENDS OF JUSTICE CONTINUANCE
PURSUANT TO 18 U.S.C. §3161**

---

Jalin Bishop requests this Court to exclude 180 days from the speedy trial computation in this case and grant an ends of justice continuance pursuant to 18 U.S.C. § 3161 on the following grounds:

    1.    Undersigned counsel for Mr. Bishop has consulted with Assistant United States Attorney Conner Flannagan who has authorized him to state that he does not object to this Motion.

    2.    Undersigned counsel first received notice of and accepted CJA appointment to represent Mr. Bishop late in the afternoon of January 24, 2023.  Since that time counsel has been in frequent contact with the CJA supervisory attorney, the US Attorney, and the Court's clerk.

    3.    Counsel was first able to arrange a meeting to consult with Mr. Bishop on January 31, 2023.  Later on that same date a portable computer drive containing approximately 180 gigabytes of discovery arrived by Fed Ex at defense counsel's office.

That amount of information has proven too large to store on counsel's law firm's computer hard drives. It is going to require storage on an external hard drive.

4. The discovery appears to contain a large amount of information downloaded from a cell phone and from the social media sites Facebook and Snapchat. In addition it appears to contain audio and video recordings. All of this information will be extremely time-consuming for counsel to review and study. Additional time will be required to consult with Mr. Bishop once he has reviewed the discovery.

5. During the coming months counsel for Mr. Bishop has a very busy calendar that includes in-person court appearances on the vast majority of days, many of which are outside the Denver metro area. In addition, counsel has a first degree murder trial scheduled in May and several appellate briefs due in the next six weeks.

6. The requested exclusion of time is necessary to provide defense counsel with the time necessary to thoroughly analyze the discovery and determine what factual investigation needs to be undertaken and what legal issues need to be raised on Mr. Bishop's behalf. That is, the requested time will be necessary for counsel to provide effective assistance to Mr. Bishop.

7. Pursuant to 18 U.S.C. § 3161(h) it is appropriate for the Court to exclude the requested time because the ends of justice served by the exclusion outweigh the interest of the public and Mr. Bishop in abiding by the initial deadlines set forth in the Speedy Trial Act.

8. The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047

(10th Cir. 2007) citing *Zedner v. United States*, 547 U.S. 489, 501 (2006). Certain periods of delay are excluded and do not count toward the speedy trial timeframes. *See* 18 U.S.C. § 3161(h)(1)-(8). The Speedy Trial Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the

interests of the public and the defendant in a speedy trial" and "affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case." *Zedner,* at 499.

9. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the events and matters identified by the moving party as necessitating the continuance result in the need for additional time. See *Toombs,* at 1271.

10. This Unopposed Motion provides the Court with the details and information necessary to make the findings required under the Speedy Trial Act and applicable 10th Circuit caselaw to grant the requested exclusion of time and ends of justice continuance.

11. Counsel has conferred in person with Mr. Bishop concerning his right to speedy trial and the information contained in this Motion.  Counsel is certain that Mr. Bishop understands his rights and the issues and has freely and voluntarily expressed his desire for the Court to grant this Motion.

WHERFORE, Jalin Bishop requests the Court to exclude 180 days from the speedy trial calculation, vacate the presently scheduled deadlines and dates in this matter

and set a status conference in this matter taking into account the exclusion of 180 days.

DATED at Denver, Colorado this   3rd   day of   February  , 2023                     .

                                            s/ Abraham V Hutt
                                            Recht Kornfeld
                                            Abraham V Hutt, #14137
                                            1600 Stout Street, Suite 1400
                                            Denver, Colorado   80202
                                            (303) 573-1900

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was served this  3rd  day of February, 2023 using the CM/ECF system which will send notification of such filing to all listed parties.

                                            s/ Leni Charles
                                            Legal Assistant